UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III, #28240-039,

       Petitioner,

                                 Case No. 14-CV-11850

v.

                                 HON. MARK A. GOLDSMITH

UNITED STATES OF AMERICA,

       Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241, AND (2) DENYING AS MOOT PETITIONER'S MOTIONS FOR BAIL (Dkt. 3) AND SUMMARY JUDGMENT (Dkt. 4) AS MOOT**

**I. INTRODUCTION**

Petitioner Andrew Gross, III, confined at the United States Penitentiary in Terre Haute, Indiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1), in which he challenges his sentence for one count of negotiating or attempting to negotiate counterfeit securities, in violation of 18 U.S.C. § 513. Petitioner has also filed a motion for bail pending the outcome of the habeas petition (Dkt. 3), as well as a motion for summary judgment (Dkt. 4). For the reasons stated below, the Court denies the petition for writ of habeas corpus with prejudice, and denies the motions for bail and for summary judgment as moot.

**II. BACKGROUND**

In April 2002, Petitioner was convicted by a jury of committing multiple counts of mail fraud, credit card fraud, and identity theft. Petitioner was sentenced to a total of 84 months in prison and ordered to pay $90,941.50 in restitution. See United States v. Gross, Case No. 01–

1

CR–80769 (Dkt. 32) (E.D. Mich. July 23, 2002) (Hood, J.). Petitioner's conviction was affirmed on appeal. See United States v. Gross, 84 F. App'x 531 (6th Cir. 2003).

In October 2002, Petitioner pleaded guilty to one count of negotiating or attempting to negotiate counterfeit securities, in violation of 18 U.S.C. § 513, before Judge Bernard A. Friedman in the United States District Court for the Eastern District of Michigan. On February 12, 2003, Petitioner was sentenced to serve 120 months' imprisonment consecutive to the 84-month prison sentence that was imposed in Case No. 01–CR–80769. See United States v. Gross, No. 02–CR–80163 (Dkt. 38) (E.D. Mich. Feb. 12, 2003) (Friedman, J.).

The Sixth Circuit affirmed Petitioner's conviction in Case No. 02–CR–80163. See United States v. Gross, No. 03–1266 (Dkt 76) (6th Cir. Aug. 5, 2005) (unpublished). The Sixth Circuit, however, ruled that the district court had erred at sentencing by treating the United States Sentencing Guidelines as mandatory and remanded the case for re-sentencing in light of the Supreme Court case of United States v. Booker, 543 U.S. 220 (2005). Id.

On re-sentencing, Judge Friedman treated the sentencing guidelines as advisory rather than mandatory, but once again sentenced Petitioner to the same 120-month prison sentence, to be served consecutive to the 84–month term imposed in Petitioner's other case. See United States v. Gross, Case No. 02–CR–80163 (Dkt. 92) (E.D. Mich. Mar. 2, 2006).

While Petitioner's direct appeal was pending in the Sixth Circuit, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. Gross v. U.S., No. 02-CR-80163 (Dkt. 54), 2003 WL 21816984 (E.D. Mich. July 23, 2003).

Petitioner subsequently filed a second motion to vacate sentence on July 18, 2007. On October 22, 2007, Judge Friedman ordered that the motion be transferred to the Sixth Circuit for authorization to file a successive motion to vacate sentence. See United States v. Gross, No. 02–

CR–80163 (Dkt. 128) (E.D. Mich. Oct. 22, 2007). Petitioner subsequently filed a motion to reduce sentence, which was construed as a successive motion to vacate sentence, and also transferred to the Sixth Circuit for authorization to file a successive motion to vacate sentence. United States v. Gross, No. 02-CR-80163 (Dkt. 137), 2008 WL 94221 (E.D. Mich. Jan. 8, 2008). Petitioner filed a motion to correct the restitution order, which was also construed as a successive motion to vacate sentence, and it was transferred to the Sixth Circuit. United States v. Gross, No. 02-CR-80163 (Dkt. 145) (E.D. Mich. Apr. 2, 2008). The Sixth Circuit denied Petitioner permission to file a successive motion to vacate sentence. In Re Gross, No. 08-1135 (Dkt. 22) (6th Cir. Nov. 4, 2008) (unpublished).

Petitioner subsequently filed a motion for retroactive application of the sentencing guidelines, which was likewise construed as a successive motion to vacate sentence, and it was transferred to the Sixth Circuit for authorization to file a successive motion. United States v. Gross, No. 02-CR-80163 (Dkt. 152) (E.D. Mich. Nov. 20, 2008). The Sixth Circuit dismissed the action for want of prosecution. In Re Gross, No. 08-2517 (Dkt. 6) (6th Cir. Jan. 6, 2009) (unpublished).

Petitioner subsequently filed an emergency motion for downward departure. Judge Friedman ordered that this motion be transferred to the Sixth Circuit for authorization to file a successive motion. In addition, because of the numerous successive attacks on his conviction and sentence that Petitioner had filed, Judge Friedman enjoined him from filing "any further motions" without first obtaining leave of the court. See United States v. Gross, No. 02–CR–80163 (Dkt. 158) (E.D. Mich. Aug. 26, 2009). The Sixth Circuit subsequently dismissed Petitioner's case for want of prosecution. In Re Gross, No. 09-2095 (Dkt. 7) (6th Cir. Oct. 21, 2009) (unpublished).

Petitioner has continued filing motions before Judge Friedman, which have been stricken. The Sixth Circuit has since denied Petitioner permission at least twice to file a successive motion to vacate sentence. United States v. Gross, No. 11-2359 (Dkt. 31) (6th Cir. Aug. 29, 2012) (unpublished); In Re Gross, No. 12-2070 (Dkt. 29) (6th Cir. Apr. 2, 2013) (unpublished). In both of these latter cases, Petitioner argued that Judge Friedman erred in ordering his 120-month sentence to run consecutive to the 84-month sentence imposed by Judge Hood.

Petitioner subsequently sought leave to file another motion to modify his sentence, arguing that an amendment to the sentencing guidelines in 2003 would allow his sentence to run concurrently with the sentence imposed by Judge Hood. Judge Friedman denied Petitioner leave to file the motion. See United States v. Gross, Case No. 02–CR–80163 (Dkt. 188) (E.D. Mich. Apr. 11, 2013). The Sixth Circuit affirmed Judge Friedman's denial, noting that a "district court has the authority to require abusive litigants to obtain leave before filing actions that are repetitive and frivolous." United States v. Gross, No. 13-1509 (Dkt. 28-1) at 2 (6th Cir. Sept. 13, 2013) (unpublished).

Petitioner has also filed several additional collateral challenges to his conviction. In 2008, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contended that Judge Friedman erred in failing to mention United States Sentencing Guideline § 5G1.3(c) when determining that the sentence should run consecutively with his first sentence. Judge Robert H. Cleland denied the petition on the ground that a federal prisoner's exclusive remedy for challenging his or her conviction was by filing a motion to vacate sentence 28 U.S.C. § 2255, unless the prisoner could show that the remedy under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the conviction or sentence. Gross v. Mukasey, No. 08-CV-14851, 2008 WL 5448993, at *2 (E.D. Mich. Dec. 31, 2008) (Cleland, J.). The Sixth Circuit

affirmed the denial of the petition for writ of habeas corpus. Gross v. United States Attorney General, No. 09-1173 (Dkt. 22) (6th Cir. Jan. 29, 2010) (unpublished).

In 2013, Petitioner, while incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with the United States District Court for the Western District of Wisconsin, in which he challenged the 120-month sentence imposed by Judge Friedman. In his original and amended petitions, Petitioner claimed that: (1) he was incorrectly classified as a career offender under the United States Sentencing Guidelines, (2) that he was wrongly denied a 3–level departure under U.S.S.G. § 2X1.1 (b)(2), (3) the special condition restricting computer usage while in prison was unconstitutional, (4) that the district court erred in imposing a consecutive sentence in Case No. 02–CR–80163; and (5) that the judge did not "divide his sentence" appropriately, in violation of the Supreme Court's rulings in Alleyne v. United States, 133 S. Ct. 2151 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Petitioner further alleged that he was entitled to habeas relief because the post-conviction remedy afforded to him under 28 U.S.C. § 2255 was inadequate or ineffective to obtain relief on these claims. The district court denied Petitioner habeas relief on the ground that § 2255 provides the exclusive remedy for federal prisoners to challenge their convictions or sentences, and that Petitioner had failed to show that this remedy was inadequate or ineffective to permit his case to come within the "Savings Clause" under § 2255 that would permit him to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gross v. Werlinger, No. 13–CV–508–wmc, 2013 WL 5592608, at *2 (W.D. Wis. Oct. 10, 2013). The Seventh Circuit affirmed the denial of the petition. Gibson v. Caraway, No. 13-3458 (Dkt. 12) (7th Cir. Mar. 7, 2014) (unpublished). In its order, the Seventh Circuit indicated that the "petition is beyond frivolous." Id. at 3. In support of its ruling, the Seventh Circuit noted the

numerous post-conviction motions and habeas petitions that Petitioner had filed in various federal district and circuit courts. Id. at 2.

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, Petitioner raises the following issues:

> i. Petitoner claims that the district court erred when it wrongfully enhanced his sentence and failed to divide the sentence between the sentence attributable to the underlying offense and to the enhancement, wherein the enhancement portion would then be consecutive pursuant to 18 U.S.C. § 3147 and 2J1.7 Application Note No. 2. See PSR Page # 22 Paragraph # 118. U.S.S.G. Provision 5 Exhibit (A). Petitioner claims that had the court not erred his consecutive sentence of 120 months would be less.
>
> ii. Petitioner claims that the district court violated his Sixth Amendment rights, when it wrongfully enhanced and increased his mandatory minimum sentence under U.S.S.G. 18 U.S.C. § 3147 and 2J1.7, app. n. 2, when it did not apportion the underlying offense and the enhancement portion as required by 18 U.S.C. § 3147. See United States v. Confredo, 528 F. 3d 143 (2d Cir. 2008).
>
> iii. Petitioner argues that he is not a career offender for purposes of 4B1.1(a). And that the district court erred by placing him in a career offender category for the categorization of violent offender.

See Pet. at 3-4.

### III.  STANDARD OF DECISION

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to summarily dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the

6

petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

The Sixth Circuit, in fact, indicated long ago that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.2d 134, 140 (6th Cir. 1970). A district court, therefore, has the duty to screen out any habeas corpus petition which lacks merit on its face. Id. at 141. No return to a habeas petition is necessary "when the petition is frivolous, or obviously lacks merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return" by the state. Id. District courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. See, e.g., Perez, 157 F. Supp. 2d at 796.

### IV. ANALYSIS

Petitioner's habeas petition is facially insufficient to grant habeas relief, and is subject to dismissal for several reasons.

First, the Court lacks jurisdiction over Petitioner's habeas application because Petitioner is not incarcerated in the Eastern District of Michigan. A district court may not entertain a habeas corpus petition "unless it has personal jurisdiction over the custodian of the prisoner." Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986); In re Gregory, 181 F.3d 713, 714 (6th Cir. 1999) (holding that a "petition for habeas corpus under § 2241 may be filed in the district court having jurisdiction over the petitioner's custodian"). The habeas corpus power of federal courts over federal prisoners has been confined by Congress, through 28 U.S.C. § 2241, to the district court within whose territorial jurisdiction the custodian is located. Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). As a result, "habeas corpus proceedings may occur in

a court of confinement that is different from the court of conviction." See Martin v. Perez, 319 F.3d 799, 803 (6th Cir. 2003). Although Petitioner claims in his current petition that his remedy under 28 U.S.C. § 2255 is inadequate to challenge the validity of his sentence, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over Petitioner's custodian. The fact that Petitioner may have been convicted in the Eastern District of Michigan would not give the Court jurisdiction over his § 2241 habeas petition, because the Court does not have jurisdiction over the warden of the federal prison where petitioner is incarcerated. See Robinson v. Morrison, 27 F. App'x 557-558 (6th Cir. 2001) (affirming district court's dismissal of § 2241 habeas petition where petitioner was confined in Arkansas but filed his petition in the district court for the Western District of Tennessee, because that court did not have jurisdiction over the warden of the federal prison in Arkansas).

Petitioner's habeas application is also subject to dismissal because he was enjoined by Judge Friedman from filing any further motions or pleadings challenging his conviction unless he obtained leave from the court. Because Petitioner has failed to obtain permission from Judge Friedman to file a subsequent motion or petition challenging his conviction, his habeas petition should be dismissed. See, e.g., Edwards v. Johns, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) (holding that the petition for a writ of habeas corpus and petitioner's application to proceed in forma pauperis were subject to dismissal because the petitioner did not include an application for permission to file, as required by the court's earlier order).

Finally, and most importantly, the petition for writ of habeas corpus is subject to dismissal because Petitioner is raising the same claims that he previously raised in his petition for writ of habeas corpus in the United States District Court for the Western District of Wisconsin, which were rejected by that court. Petitioner has also challenged the consecutive

8

nature of his sentence in his habeas petition before Judge Cleland, and at least twice before the Sixth Circuit.

Habeas corpus relief is unavailable to a federal prisoner whose claims have already been ruled upon adversely in a prior proceeding. See Mosley v. Terris, No. 13-CV-10349, 2013 WL 594265, at *3 (E.D. Mich. Feb. 15, 2013) (citing Sandles v. Scott, 26 F. Supp. 2d 1355, 1356-1357 (N.D. Ga. 1998) (denying habeas petition when the petitioner's claims had already been ruled upon adversely in his prior motion to vacate sentence)). Under the doctrine of claim preclusion, a final judgment bars any and all claims by a litigant based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. See Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir. 1994). Petitioner's habeas application is barred by the doctrine of claim preclusion, because Petitioner's claims are virtually identical to the claims in his prior habeas petition before the United States District Court for the Western District of Wisconsin. See Lanthron v. United States, 3 F. App'x 490, 491 (6th Cir. 2001) (affirming district court's dismissal of an action construed as a § 2241 habeas petition where petitioner's federal claims were virtually identical to claims in a prior action); see also Smith v. Reno, 3 F. App'x 403 (6th Cir. 2001) (affirming district court's dismissal of a § 2241 habeas petition where petitioner attempted to challenge the validity of a federal detainer for the fourth time).

Accordingly, the Court concludes that Petitioner is not entitled to habeas relief on his claims.

## IV. CONCLUSION

For the reasons set forth above, the Court summarily denies the petition for writ of habeas corpus with prejudice. The Court denies Petitioner's motions for bail and for summary judgment

as moot.  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, see Witham v. United States, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

  SO ORDERED.


Dated: October 29, 2014       s/Mark A. Goldsmith
  Detroit, Michigan       MARK A. GOLDSMITH
             UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2014.

            s/Johnetta M. Curry-Williams
            JOHNETTA M. CURRY-WILLIAMS
            CASE MANAGER