UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III,

       Petitioner,

                                    Case No. 14-CV-11850

v.

                                    HON. MARK A. GOLDSMITH

UNITED STATES OF AMERICA,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT (Dkt. 10)

### I. INTRODUCTION AND BACKGROUND

Petitioner Andrew Gross, III, confined at the United States Penitentiary in Terre Haute, Indiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1), in which he challenges his sentence for one count of negotiating or attempting to negotiate counterfeit securities in violation of 18 U.S.C. § 513. On October 29, 2014, the Court summarily denied Petitioner's application for a writ of habeas corpus on the ground that the Court lacked jurisdiction over the petition, because Petitioner was not incarcerated in this District. See 10/29/2014 Op. & Order at 7-8 (Dkt. 9). The Court also denied Petitioner's writ of habeas corpus because Petitioner had been enjoined by another judge in this District from filing any further motions challenging his conviction unless he obtained leave from the court, and because Petitioner raised the same claims in his petition that he previously raised unsuccessfully in another habeas petition before another district court. See id. at 8-9.

On March 23, 2015, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), in which he challenges his separate conviction and sentence before

1

Judge Denise Page Hood in this District, for seven counts of mail fraud, 18 U.S.C. § 1341, six counts of credit card fraud, 18 U.S.C. § 1029(a)(2), and one count of identity theft, 18 U.S.C. § 1028(a)(7).  See Pet'r Mot. at 1 (cm/ecf page) (Dkt. 10).  For the reasons explained fully below, the Court denies Petitioner's motion.

## II.  STANDARD OF DECISION

Pursuant to Federal Rule of Civil Procedure 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justified relief.

Under the catch-all provision of Rule 60(b)(6), the Court may "relieve a party . . . from a final judgment, order, or proceeding" for "any other reason that justifies relief" not mentioned in the first five subsections.  A party seeking relief pursuant to Rule 60(b)(6) must demonstrate "extraordinary circumstances" justifying the reopening of a final judgment.  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007) (holding that "relief may be granted under Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule" (quotation marks omitted)).

Courts must apply this subsection as a "means to achieve substantial justice," which requires "unusual and extreme situations where principles of equity <u>mandate</u> relief." <u>Stokes</u>, 475 F.3d at 735 (citation omitted) (emphasis in original). There are few cases examining such situations, given that the rule's first five subsections "cover almost every conceivable ground for relief." <u>Ford Motor Co. v. Mustangs Unlimited, Inc.</u>, 487 F.3d 465, 468 (6th Cir. 2007) (quotation marks omitted). The Sixth Circuit has repeatedly recognized that relief from judgment "under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." <u>Id.</u> (quotation marks omitted). Thus, under Rule 60(b), the party seeking relief must show the applicability of the rule. <u>Jinks v. AlliedSignal, Inc.</u>, 250 F.3d 381, 385 (6th Cir. 2001).

### III.  ANALYSIS

In his petition before this Court, Petitioner sought habeas relief on his conviction for one count of negotiating or attempting to negotiate counterfeit securities, in violation of 18 U.S.C. § 513, before Judge Bernard A. Friedman in this District. <u>See</u> <u>United States v. Gross</u>, Case No. 02–CR–80163 (E.D. Mich.) (Friedman, J.). In his motion for relief from judgment, Petitioner does not challenge this Court's judgment denying his petition for writ of habeas corpus with prejudice (Dkt. 6). Rather, Petitioner challenges his conviction and sentence for a separate conviction before Judge Hood in this District, for seven counts of mail fraud, six counts of credit card fraud, and one count of identity theft. <u>See</u> <u>United States v. Gross</u>, Case No. 01–CR–80769 (E.D. Mich.) (Hood, J.). Petitioner claims that his sentence was improperly enhanced and that his conviction violated the principles of double jeopardy. Pet'r Mot. at 2 (Dkt. 10). The Court finds that Petitioner is not entitled to relief from judgment.

Petitioner is seeking relief from his criminal conviction and sentence under Rule 60(b) of the Federal Rules of Civil Procedure. However, "Rule 60(b) is not applicable to criminal proceedings, and may not be used to disturb a criminal sentence or conviction." United States v. Gibson, 424 F. App'x 461, 464 (6th Cir. 2011) (citations omitted); see also United States v. Diaz, 79 F. App'x 151, 152 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under [Rule 60(b)], because Rule 60(b) is not applicable to criminal proceedings."); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts[.]" (emphasis added)); Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts[.]" (emphasis added)). Petitioner is not entitled to relief under Rule 60(b).

Accordingly, the Court denies Petitioner's motion.

### IV. CONCLUSION

For the reasons stated above, the Court denies Petitioner's Rule 60(b) motion for relief from final judgment (Dkt. 10).

SO ORDERED.

Dated: June 17, 2015       s/Mark A. Goldsmith
   Detroit, Michigan      MARK A. GOLDSMITH
                                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2015.

                                           s/Carrie Haddon
                                           Case Manager